**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**GREGORY WIEDEMAN,**

**Plaintiff,**

**v.**

**CANAL INSURANCE COMPANY,
H&F TRANSFER, INC., AUTO-
OWNERS INSURANCE
COMPANY, WALTER PATRICK
DORN, IV, WESCO INSURANCE
COMPANY, and SALEM LEASING
CORPORATION, d/b/a Salem
Nationalease,**

**Defendants.**

**1:15-cv-4182-WSD**

## OPINION AND ORDER

This matter is before the Court on Defendant Canal Insurance Company's ("Canal") Motion for Reconsideration and to Stay Production [194] ("Motion").

## I.    BACKGROUND

On September 2, 2016, the Court ordered Canal to submit to the Court for its *in camera review* documents Canal contended were protected from disclosure by the work product doctrine or the attorney-client privilege.  On September 16, 2016, Canal submitted to the Court the required documents.  On October 12, 2016, the Court, after conducting its *in camera review*, issued an Order ("October 12th

Order") requiring Canal to produce, on or before October 18, 2016, the audio recordings of the statements of Defendant Walter Dorn, Tommy Frye, and Matthew Smarr.  The Court determined that the recordings were verbatim recordings of interviews and the facts they provided are not protected from disclosure.

On October 17, 2016, Canal filed its Motion.  Canal contends that the recordings are fact work product that are not discoverable unless Plaintiff satisfies his burden of showing a substantial need for the recordings and that he is unable without undue hardship to obtain the information by other means.  Canal argues Plaintiff has not made such a showing, that Plaintiff has taken depositions of Mr. Dorn, Mr. Frye, and Mr. Smarr, and that Plaintiff has propounded discovery requests on Mr. Dorn, showing there is no substantial need or inability to obtain the information by other means.  Canal seeks a stay of the Court's October 12th Order to produce the recordings until the Court rules on its Motion.

## II.    DISCUSSION

### A.    Legal Standard

Pursuant to Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice."  L.R. 7.2(E), NDGa.  Rather, such motions are only appropriate when "absolutely necessary" to present:  (1) newly discovered

evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (internal quotations and citations omitted). Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice requires.  Belmont Holdings Corp. v. SunTrust Banks, Inc., 896 F. Supp. 2d 1210, 1222-23 (N.D. Ga. 2012) (citing Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

B.    Analysis

Federal Rule of Civil Procedure 26(b)(3)(A) provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."  But, "those materials may be discovered if (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A).

Assuming that the recordings are protected by the work product doctrine, the question is whether the recordings are fact or opinion work product.  Fact work product, unlike opinion work product, is sometimes discoverable on a showing of substantial need and undue hardship.  See United States ex rel. Bibby v. Wells

3

Fargo Bank, N.A., 165 F. Supp. 3d 1319 (N.D. Ga. 2015). Courts have held "substantially verbatim witness statements contained in interview memoranda that have not been 'sharply focused or weeded' by an attorney to be fact rather than opinion work product." U.S. Ex. Rel. Landis v. Tailwind Sports Corp., 303 F.R.D. 429, 431 (D.D.C. 2014) (citing, among other cases, United States v. Clemens, 793 F. Supp. 2d 236, 252 (D.D.C. 2011) (finding lawyers' notes of an FBI witness to be fact work product where the lawyers did not shape the interview and the memoranda "accurately depict[ed] the witnesses' own words")).

The recordings in question were made and obtained by a Canal adjuster in the investigation of Plaintiff's claim after Canal received Plaintiff's counsel's October 9, 2014, letter of representation and preservation. The questions made were straightforward "who, what, where, when, why" questions, and there is no indication the recordings or the questions asked were "sharply focused or weeded" by counsel. The recordings are plainly fact work product.

Fact work product may be discoverable if the party seeking discovery "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Here the Court finds, with benefit of the Court's extensive *in camera review*, that the substantial need and undue hardship

requirements, under the particular facts of this case, are plainly met.  There is a substantial body of authority that holds that a lapse of time can in itself suffice to justify production of materials otherwise protected as work product.  See, e.g., Southern Ry. Co. v. Lanham, 403 F.2d 119, 128 (5th Cir. 1968) ("Statements taken from the witnesses shortly after the accident constitute unique catalysts in the search for truth . . . in that they provide an immediate impression of the facts that cannot be recreated or duplicated by a deposition that relies upon memory, and many courts have held that the mere lapse of time in itself is enough to justify production of statements."  (internal quotation marks and citation omitted)); Fed. Election Comm'n v. Christian Coalition, 178 F.R.D. 456 (E.D. Va. 1998) (potential that the deponents might not be able to recall sufficient detail regarding meetings that took place at least five years ago justified disclosure of otherwise protected documents); Rexford v. Olczak, 176 F.R.D. 90 (W.D.N.Y. 1997) (plaintiff's personal diary discoverable even though it was partly work product because diary contained plaintiff's contemporaneous account of events central to issues in the case).

The collision at issue in this litigation occurred on August 8, 2014. Mr. Dorn, Mr. Smarr, and Mr. Frye were in the truck that collided with Plaintiff's vehicle.  Mr. Dorn was questioned by Canal on October 13, 2014, and Mr. Smarr

and Mr. Frye were questioned on November 18, 2014.  Plaintiff did not depose

Mr. Smarr and Mr. Frye until May 2016, and he did not depose Mr. Dorn until

August 2016.  It is plain that the questioning conducted closest in time to the

occurrence is more likely to be accurate than testimony taken nearly two years

after the incident.  Plaintiff cannot obtain this witness recollection of the accident

within a short time after the accident by means other than the only statements that

exist—those in Defendant's possession.   The recollection of the accident by these

three particular individuals provides information important to a central issue in the

litigation.  Canal's Motion is denied.[1]

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Canal Insurance Company's

Motion for Reconsideration and to Stay Production [194] is **DENIED**.  Canal shall

produce to Plaintiff, on or before October 18, 2016, (1) the Facebook screenshots

compiled for Plaintiff Wiedeman and Frye, Smarr and Dorn (Bates Nos.

02263-02264, 02352-02417) and (2) the audio recordings (Bates No. 01363) and

---

[1]   To clarify the Court's October 12th Order, both the audio recordings (Bates No. 01363) and the verbatim transcripts of the audio recordings (Bates Nos. 01364-01376, 01377-01383, and 01384-01392) are required to be produced.

verbatim transcripts (Bates Nos. 01364-01376, 01377-01383, and 01384-01392) of the interviews of Frye, Smarr, and Dorn.

**SO ORDERED** this 18th day of October, 2016.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE