# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GREGORY WIEDEMAN,<br><br>        **Plaintiff,**<br><br>v.<br><br>CANAL INSURANCE COMPANY, H&F TRANSFER, INC., AUTO-OWNERS INSURANCE COMPANY, WALTER PATRICK DORN, IV, WESCO INSURANCE COMPANY, and SALEM LEASING CORPORATION, d/b/a Salem Nationalease,<br><br>        **Defendants.** | 1:15-cv-4182-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Canal Insurance Company's ("Canal") Motion for Summary Judgment [181].

## I. BACKGROUND

    A.    Facts

This action arises from an August 8, 2014, collision (the "Collision") between Plaintiff Gregory Wiedeman ("Plaintiff") and Defendant Walter Patrick Dorn, IV, an employee of Defendant H&F Transfer, Inc. ("H&F"). (Canal's

Statement of Material Facts [181.5] ("CSMF") ¶ 1).[1] Plaintiff asserts, pursuant to O.C.G.A. § 40-1-112, a direct action claim against Canal as insurer of H&F. (CSMF ¶ 2).

H&F is a federally-registered motor carrier authorized to transport goods in interstate commerce under United States Department of Transportation registration number 1369286 and Motor Carrier number 845988. (CSMF ¶ 3). H&F is a foreign corporation with its principal place of business in South Carolina. (CSMF ¶ 4). On the date of the accident, H&F was a registered motor carrier in South Carolina, and South Carolina had issued H&F a "Certificate of Public Convenience and Necessity for the Operation of Motor Vehicle Carriers." (CSMF ¶5).

In 2014, H&F did not have any insurance filings with the State of Georgia, and it did not maintain a permit or certificate to operate in intrastate commerce within Georgia. (CSMF ¶ 6). H&F does not and has never operated in intrastate commerce in Georgia, nor has it transported goods intrastate in Georgia. (CSMF ¶ 7). Instead, H&F operates trucks on roads in Georgia in interstate commerce pursuant to the authority granted by the United States Department of Transportation, Federal Motor Carrier Safety Administration. (CSMF ¶ 8).

---

[1]  Plaintiff does not dispute any of facts set forth in the CSMF. (See [202.1]).

B.  Procedural History

On September 30, 2016, Canal filed its Motion for Summary Judgment. Canal argues that it is not subject to a direct action claim under O.C.G.A. § 40-1-112, because H&F is not, as was not at the time of the Collision, registered to transport goods in intrastate commerce in Georgia. Canal contends that Plaintiff's Georgia law direct action claim against Canal as alleged insurer of a purely interstate carrier domiciled in South Carolina violates Georgia law and the Georgia Constitution.

Plaintiff appears to concede that it cannot maintain a direct action against Canal under Section 40-1-112, and relies instead on a related statute, O.C.G.A. § 40-2-140. He argues that, because the Complaint put Canal on notice that Plaintiff sought to assert a direct action against it as H&F's insurer, Plaintiff "could not possibly have been prejudiced by Plaintiff's" erroneous citation to Section 40-1-112 in its Complaint.

In its reply brief, Canal does not contest that Plaintiff can maintain a direct action against it under Section 40-2-140. Canal argues that, because Plaintiff pled its direct cause of action under Section 40-1-112, he cannot now proceed under a different statute.

3

## II. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the nonmoving party must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999). The nonmoving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings." Id.

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). Where the record tells two different stories, one blatantly contradicted by the evidence, the Court is not required to adopt that version of the facts when ruling on summary judgment. Id.

"[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. The party opposing summary judgment "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Scott, 550 U.S. at 380 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). A party is entitled to summary judgment if "the facts and inferences point overwhelmingly in favor of the moving party, such that reasonable people could not arrive at a contrary verdict." Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (quotations omitted).

B. Analysis

The parties do not appear to dispute that Plaintiff cannot maintain a direct cause of action against Canal under Section 40-1-112, and that he can maintain a direct cause of action under Section 40-2-140. The Court has consistently found that the joinder provisions of Section 40-2-140 "apply to both intrastate and interstate motor carriers." McGill v. Am. Trucking and Transp. Ins. Co., 77 F.

Supp. 3d 1261, 1265 n.1 (N.D. Ga. 2015) (citing Bramlett v. Bajric, No. 1:12-cv-2148-TWT, 2012 WL 4951213, at *2 (N.D. Ga. Oct. 17, 2012)); see also Scarff Bros., Inc. v. Bullseye Dispatch, Inc., No. 2:14-cv-00128-WCO, 2016 WL 3128554, at *3 (N.D. Ga. Jan. 19, 2016) ("Courts have recognized [Section 40-2-140], and others like it, to apply to both intrastate and interstate motor carriers." (citing cases)); Cameron v. Teeberry Logistics, No. 3:12-cv-181-TCB, 2013 U.S. Dist. LEXIS 186035, at *10 (N.D. Ga. May 21, 2013) (holding that Section 40-2-140 authorizes a direct action "not only . . . against insurers of carriers registered in Georgia, but also the insurers of those carriers . . . that are traveling through Georgia but whose base state is a state other than Georgia").

Thus, the only question for the Court to resolve is whether Plaintiff's erroneous reference to Section 40-1-112 in his Amended Complaint is fatal to his claim. The Court finds it is not. "Plaintiffs in federal court are not required to plead legal theories." McQueen v. City of Chicago, 803 F. Supp. 2d 892, 900 (N.D. Ill. 2011) (citing McDonald v. Household Int'l, Inc., 425 F.3d 424, 428 (7th Cir. 2005)). "Several circuits have indicated that failure to plead the correct legal theory is not necessarily fatal to a plaintiff's claim when the defendant has sufficient and fair notice of the correct theory." King v. Butts Cty. Ga., 576 F. App'x 923, 931 (11th Cir. 2014); see Doss v. S. Cent. Bell Tel. Co., 834 F.2d 421,

6

424 (5th Cir. 1987) ("[T]he fact that a plaintiff pleads an improper legal theory does not preclude recovery under the proper legal theory.") (citing <u>Oglala Sioux Tribe of Indians v. Andrus</u>, 603 F.2d 707, 714 (8th Cir. 1979) ("The function of an affirmative federal pleading, under Fed. R. Civ. P. 8(a)(2), is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.")). For instance, in <u>Hatmaker v. Mem'l Med. Ctr.</u>, 619 F.3d 741 (7th Cir. 2010), the Seventh Circuit found that "[e]ven citing the wrong statute needn't be a fatal mistake, provided the error is corrected in response to the defendant's motion for summary judgment and the defendant is not harmed by the delay in correction." <u>Id.</u> at 743.

Here, Plaintiff alleged in his Amended Complaint [33] that, because Canal insured H&F at the time of the Collision, Canal "is subject to a direct action as the insurer for [H&F] pursuant to Georgia law." (Am. Compl. ¶ 78). Canal cannot plausibly argue that it was not provided fair notice that Plaintiff sought to hold it liable under a direct action theory of liability. Further, Plaintiff correctly identified and provided legal support for his claim under Section 40-2-140 in his response to Canal's Summary Judgment Motion, and Canal does not dispute—because it cannot—that Plaintiff's claim is legally sound. Under these circumstances, Plaintiff's reliance in his Amended Complaint upon a closely related, but

7

ultimately incorrect, statute is not fatal to Plaintiff's claim. See Ryan v. Illinois Dep't of Children and Family Servs., 185 F.3d 751, 756 (7th Cir. 1999) ("It is of no moment therefore that [the plaintiffs'] complaint identified the wrong statute as the basis for their claim, as long as their allegations gave notice of a legally sufficient claim and they brought the legal support for their claim to the district court's attention in their response to the defendants' summary judgment motion." (citations omitted)). Canal's Motion for Summary Judgment is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Canal Insurance Company's Motion for Summary Judgment [181] is **DENIED**.

**SO ORDERED** this 25th day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE