# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GREGORY WIEDEMAN,<br><br>      **Plaintiff,**<br><br>v.<br><br>CANAL INSURANCE COMPANY, H&F TRANSFER, INC., AUTO-OWNERS INSURANCE COMPANY, WALTER PATRICK DORN, IV, WESCO INSURANCE COMPANY, and SALEM LEASING CORPORATION, d/b/a Salem Nationalease,<br><br>      **Defendants.** | 1:15-cv-4182-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Salem Leasing Corporation's ("Salem") Motion for Summary Judgment [169] and Defendant Wesco Insurance Company's ("Wesco") Motion for Summary Judgment [177].

## I. BACKGROUND

### A. Facts

This action arises from an August 8, 2014, collision (the "Collision") between Plaintiff Gregory Wiedeman ("Plaintiff") and Defendant Walter Patrick Dorn, IV, an employee of Defendant H&F Transfer, Inc. ("H&F"). (Salem's

Statement of Undisputed Facts [169.17] ("SSUF") ¶ 1; Pl.'s Resp. [187] ("R-SSUF") ¶ 1). The Collision involved a truck operated by Dorn, and a motorcycle operated by Plaintiff. (SSUF ¶ 2; R-SSUF ¶ 2). H&F leased the truck from Salem. (See SSUF ¶¶ 9, 10; R-SSUF ¶¶ 9, 10). Wesco issued a commercial business auto policy to Salem. ([177.2] ¶ 12; [193.1] ¶ 12).

The investigating officer at the scene of the Collision found Plaintiff at fault for causing the Collision, because Plaintiff failed to yield for a red light. (SSUF ¶ 3).[1] Plaintiff claims he had a green light at the time of the Collision. (Pl.'s Statement of Additional Facts [187] ("PSAF") ¶ 1).

At the time of the Collision, Dorn was employed by H&F, and was acting within the course and scope of his employment. (SSUF ¶¶ 4, 11; R-SSUF ¶¶ 4, 11). Dorn was never employed by Salem and he never received any type of training or direction regarding his duties from Salem. (SSUF ¶¶ 6-8; R-SSUF

---

[1] Plaintiff claims the accident report reflects only a statement that "Driver 1 failed to yield for a red light and struck vehicle #2," but that this statement could have referred to either driver. (R-SSUF ¶ 3). This argument is plainly contradicted by the report itself, which states "Driver #1 was transported to Grady by medic 53 and his motorcycle was towed . . . ." ([198.1] at 2). The report also contains a diagram clearly labeling "Unit 1" as Plaintiff's motorcycle and "Unit 2" as Dorn's truck. (See id.). Plaintiff's objection is overruled.
   Plaintiff also objects to the officer's conclusion that Plaintiff was at fault. Regardless whether Plaintiff was, in fact, at fault, it cannot be contested, based on the plain terms of the accident report, that the officer found Plaintiff at fault.

¶¶ 6-8). Salem does not transport passengers or property for compensation. (SSUF ¶ 15; R-SSUF ¶ 15).

Salem claims that, on the date of the Collision, the truck was in the exclusive control, possession, and dispatch of H&F. (SSUF ¶¶ 12-14). Plaintiff claims that the truck was at all times owned by Salem who also had the ability to control and possess it as an owner or lessor. (R-SSUF ¶¶ 12-14).

B.  Procedural History

On February 26, 2016, Plaintiff filed his Amended Complaint [33]. In it, Plaintiff asserts the following claims against Salem: (1) *respondeat superior* liability based on negligent hiring, retention, entrustment, and supervision of Dorn; and (2) negligent failure to comply with federal and state motor carrier safety regulations and trucking industry standards of care. Plaintiff asserts a claim against Wesco, as Salem's insurer, pursuant to Georgia's direct action statute, O.C.G.A. § 40-1-112.

On September 13, 2016, Salem filed its Motion for Summary Judgment. Salem argues Plaintiff's negligence claims fail, including because Salem did not owe Plaintiff a duty, Plaintiff does not present any evidence Salem breached any duty, and Plaintiff's own acts were the proximate cause of his injuries. Salem moves for summary judgment on Plaintiff's negligent hiring, retention,

entrustment, and supervision claims, arguing that Salem is not vicariously liable for Dorn's actions because it never employed, supervised, or trained Dorn. Salem moves for summary judgment on Plaintiff's claim for negligent failure to comply with motor carrier regulations, arguing that Salem is not a "motor carrier" under federal or state motor carrier statutes and that Plaintiff does not present any evidence that Salem failed to comply with any regulations. Salem also seeks attorneys' fees under O.C.G.A. § 9-15-14, arguing that Plaintiff has "refused to dismiss the frivolous claims against [Salem] notwithstanding the clear and convincing evidence that [Salem] is not conceivably liable for Plaintiff's alleged damages." ([169.16] at 22).

In his response brief [187.1], Plaintiff does not substantively respond to Salem's arguments. Instead, Plaintiff argues that, as a result of Salem's alleged spoliation of evidence, "Salem cannot be allowed out of the case until the Court rules on Plaintiff's upcoming sanctions motion, and there is confirmation that Salem has not destroyed or otherwise hidden any relevant evidence in this case. If the Court grants Plaintiff's sanctions motion, it can, among other things, enter judgment in favor of Plaintiff." ([187.1] at 9). Plaintiff also argues sanctions under Section 9-15-14 are not available in federal court and, even if they were, they are not warranted here.

On September 23, 2016, Wesco filed its Motion for Summary Judgment, arguing that its insured Salem was not a "motor carrier," and thus Wesco is not a proper party under Georgia's direct action statute, O.C.G.A. § 40-1-112. Wesco also argues that the policy it issued to Salem covered only physical damage to the truck. Wesco, like Salem, seeks attorneys' fees under O.C.G.A. § 9-15-14 because Plaintiff "refused to dismiss Wesco despite the fact that there are no valid claims upon which Plaintiff could recover against" it. ([177.1] at 13).

On April 5, 2017, Plaintiff filed his Renewed Motion for Sanctions Against Defendants H&F Transfer, Inc. and Salem Leasing Corporation [221] ("Renewed Sanctions Motion"). On June 9, 2017, the Court denied Plaintiff's Motion. ([229]).

## II. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the

moving party has met this burden, the nonmoving party must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999). The nonmoving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings." Id.

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). Where the record tells two different stories, one blatantly contradicted by the evidence, the Court is not required to adopt that version of the facts when ruling on summary judgment. Id. "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. The party opposing summary judgment "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Scott, 550 U.S. at 380 (quoting Matsushita Elec. Indus.

Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). A party is entitled to summary judgment if "the facts and inferences point overwhelmingly in favor of the moving party, such that reasonable people could not arrive at a contrary verdict." Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (quotations omitted).

    B.    Analysis

The Court first addresses Salem's Motion for Summary Judgment. Plaintiff does not appear to contest that, under the facts presented, Salem is entitled to summary judgment. It is well-settled on a motion for summary judgment that "the moving party has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case." McGee v. Sentinel Offender Servs., LLC, 719 F.3d 1236, 1242 (11th Cir. 2013). Salem met this burden by showing that there is no evidence to support essential elements of Plaintiff's claims based on *respondeat superior*, negligent hiring, training, and supervision, and negligent failure to comply with motor carrier regulations. Once the moving party has met its burden, the nonmoving party must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. Graham, 193 F.3d at 1282. Plaintiff fails to meet his burden to show there is a

genuine issue for trial. Plaintiff instead attempts to explain his lack of evidence by pointing to Salem's alleged spoliation, hoping that the Court will grant its motion for spoliation sanctions. On June 9, 2017, the Court denied Plaintiff's sanctions motion, and Plaintiff does not show there is a genuine issue for trial with respect to any claim asserted against Salem. The Court below addresses each of Plaintiff's claims against Salem and Plaintiff's direct action claim against Wesco.

1. Claims Against Salem

   a. Respondeat Superior and Negligent Hiring

Plaintiff alleges Salem is liable for Dorn's negligent actions under a *respondeat superior* theory of liability. The doctrine of *respondeat superior* holds the master responsible for the negligent act of his servant, committed while the servant is acting within the general scope of his employment and engaged in his master's business. Brown v. Who's Three, Inc., 457 S.E.2d 186, 189 (Ga. Ct. App. 1995). One is a "servant" for purposes of *respondeat superior* where "the employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of the execution of the work." Id. at 190.

It is undisputed that Dorn was employed by H&F, that he was never employed by Salem, and that he never received any training or direction from

8

Salem. (SSUF ¶¶ 4-8; R-SSUF 4-8). Plaintiff does not offer any evidence to support that Salem had the right to direct the time, manner, methods, or means of Dorn's execution of his work. Salem's Motion for Summary Judgment is granted on Plaintiff's *respondeat superior* claim.

Plaintiff next claims that Salem is liable for the negligent hiring, retention, and entrustment of Dorn. The record, however, shows that it is undisputed that Salem did not hire or retain Dorn. Salem's Motion for Summary Judgment is granted on Plaintiff's negligent hiring and retention claims. Negligent entrustment requires a plaintiff to show that a party entrusted another with an instrumentality "with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent . . . ." Gunn v. Booker, 381 S.E.2d 286, 290 (Ga. 1989). Plaintiff does not provide any evidence that Salem had any knowledge of Dorn and the evidence certainly does not show that Salem had "actual knowledge" that Dorn was allegedly incompetent. Salem's Motion for Summary Judgment is granted on Plaintiff's negligent entrustment claim.[2]

---

[2] To the extent Plaintiff asserts a claim of negligence based upon any other theory of liability, Salem notes that Plaintiff fails to show that Salem owed a duty to Plaintiff. Plaintiff does not respond to this argument, and fails to show that Salem owed any duty to him. For any other negligence claim that Plaintiff may have asserted, Salem's Motion for Summary Judgment is granted.

9

b. <u>Negligent Failure to Comply with Motor Carrier Regulations</u>

Plaintiff alleges that Salem negligently failed to comply with federal and state motor carrier safety regulations and trucking industry standards of care. Salem argues that Plaintiff failed to provide any evidence of Salem's alleged failure to comply with any laws, regulations, or industry standards of care. Plaintiff did not respond to this argument, and it is deemed unopposed. See LR 7.1(B), NDGa. A review of Plaintiff's Response to Salem's Statement of Undisputed Facts and Plaintiff's Statement of Additional Undisputed Facts shows that Plaintiff does not submit any evidence regarding Salem's alleged failure to comply with any laws, regulations, or industry standards of care.[3] Salem's Motion for Summary Judgment is granted on Plaintiff's claim of negligent failure to comply with motor carrier regulations. Because the Court grants summary judgment to Salem on all of Plaintiff's claims against it, Salem is dismissed from this action.

2. <u>Plaintiff's Claim Against Wesco</u>

Plaintiff asserts a claim against Wesco pursuant to Georgia's direct action statute, O.C.G.A. § 40-1-112. "The general rule in Georgia is that a party may not

---

[3] Because Plaintiff fails to submit any evidence to support this claim, the Court need not decide whether Salem is a "motor carrier" under federal or state law.

bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy." McGill v. Am.Trucking & Transp. Ins. Co., 77 F. Supp. 3d 1261, 1264-65 (N.D. Ga. 2015) (citing Hartford Ins. Co. v. Henderson & Son, Inc., 371 S.E.2d 401 (Ga. 1988)). Georgia's "direct action statutes—which permit an injured plaintiff to join a motor carrier's insurer in an action against the insured motor carrier—were designed 'to protect members of the general public against injuries caused by the negligence of a Georgia motor carrier.'" Id. (quoting Sapp v. Canal Ins. Co., 706 S.E.2d 644, 646 (Ga. 2011)). "The insurance carrier is not, in reality, a separate party for purposes of liability, but, rather, is equivalent to a provider of a substitute surety bond, creating automatic liability in favor of a third party who may have a claim for damages for the negligence of the motor common carrier." Id. (alteration and internal quotation marks omitted) (quoting Andrews v. Yellow Freight Sys., Inc., 421 S.E.2d 712, 713 (Ga. 1992)).

Plaintiff's claims against Salem have been dismissed, and Plaintiff thus cannot maintain a direct action against Salem's insurer, Wesco. See O.C.G.A. § 40-1-112(c) (allowing party to bring direct action against insurance carrier where the party "ha[s] a cause of action arising under this part"); Sapp, 706 S.E.2d at 647

11

(direct action statutes provide independent cause of action "against the carrier's insurer on behalf of a member of the public *injured by the carrier's negligence*" (internal quotation marks omitted, emphasis added)). Salem's Motion for Summary Judgment is granted with respect to Plaintiff's direct action against it under O.C.G.A. §40-1-112. Salem is dismissed from this action.

3. <u>Attorneys' Fees under O.C.G.A. § 9-15-14</u>

Both Salem and Wesco seek attorneys' fees from Plaintiff pursuant to O.C.G.A. § 9-15-14. Section 9-15-14 allows attorneys' fees when a party brings or defends an action lacking substantial justification. The Court is troubled by the absence of evidence to support the claims asserted by Plaintiff against Salem and Wesco. "However, a claim brought pursuant to O.C.G.A. § 9-15-14 can only be asserted in Georgia state or superior courts." <u>Munson v. Strategis Asset Valuation and Mgmt., Inc.</u>, 363 F. Supp. 2d 1377, 1380 n.1 (N.D. Ga. 2005) (citing <u>Edwards v. Associated Bureaus, Inc.</u>, 128 F.R.D. 682, 683 (N.D. Ga.1989)). This, of course, is a federal court action. Salem and Wesco's request for attorneys' fees is required to be denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Salem Leasing Corporation's Motion for Summary Judgment [169] is **GRANTED**. Salem is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Defendant Wesco Insurance Company's Motion for Summary Judgment [177] is **GRANTED**. Wesco is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Salem's and Wesco's requests for attorneys' fees under O.C.G.A. § 9-15-14 are **DENIED**.

**SO ORDERED** this 16th day of June, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE