# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GREGORY WIEDEMAN,<br><br>      **Plaintiff,**<br><br>v.<br><br>CANAL INSURANCE COMPANY, H&F TRANSFER, INC., AUTO-OWNERS INSURANCE COMPANY, and WALTER PATRICK DORN, IV,<br><br>      **Defendants.** | 1:15-cv-4182-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Gregory Wiedeman's Motion for Leave to File Second Amended Complaint [227] ("Motion to Amend").

## I.  BACKGROUND

This action arises from an August 8, 2014, collision (the "Collision") between Plaintiff and Defendant Walter Patrick Dorn, IV, an employee of Defendant H&F Transfer, Inc. ("H&F"). The truck Dorn was driving was leased by H&F from Salem Leasing Corporation ("Salem"). On April 5, 2017, Plaintiff filed his Renewed Motion for Sanctions Against Defendants H&F Transfer, Inc. ("H&F") and Salem Leasing Corporation ("Salem") [221] ("Renewed Sanctions

Motion"), claiming that H&F and Salem conspired to destroy, conceal, and falsify data from the electronic control module ("ECM") of the truck involved in the Collision.

On May 30, 2017, Plaintiff filed his Motion to Amend, seeking to amend his Complaint to add a claim for attorneys' fees under O.C.G.A. § 13-6-11 against H&F and Salem for their alleged bad-faith spoliation that was the subject of Plaintiff's Renewed Sanctions Motion.

On June 9, 2017, the Court issued an order [229] ("June 9th Order") denying Plaintiff's Renewed Sanctions Motion. The Court found that H&F cannot be held liable for any alleged spoliation of evidence because the undisputed facts show that the truck and the ECM data at issue were not in its possession, custody, or control on the date when the alleged spoliation occurred. (June 9th Order at 6). The Court denied Plaintiff's motion with respect to Salem, finding that Plaintiff failed to present any evidence to show that Salem was on notice that it was reasonably foreseeable that Plaintiff was anticipating litigation against Salem on the date when the alleged spoliation occurred. (Id. at 8-9). The Court concluded that, "[i]n the absence of evidence of bad faith, the Court declines to award sanctions for spoliation." (Id. at 9).

Salem and H&F oppose Plaintiff's Motion to Amend, arguing that the amendment is moot in light of the Court's June 9th Order, and that, even if it is not moot, amendment would be futile in light of the June 9th Order.

## II. DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint as a matter of course, if the amended complaint is filed either within twenty-one (21) days of service of the original complaint or within twenty-one (21) days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss. Fed. R. Civ. P. 15(a)(1). Amended complaints outside of these time limits may be filed only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Ala Ct. of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "There must be a substantial reason to deny a motion to amend." Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the

3

amendment, [and] futility of amendment.'" Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Plaintiff seeks to amend his complaint to add a claim for attorneys' fees under O.C.G.A. § 13-6-11, based on Salem and H&F's alleged bad faith spoliation of evidence. Under Section 13-6-11, attorneys' fees may be awarded "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense[.]" O.C.G.A. § 13-6-11. In its June 6th Order, the Court found that Plaintiff failed to show that Salem or H&F acted in bad faith, and otherwise found that spoliation sanctions are not warranted against Salem and H&F. Plaintiff's conclusory allegation that Salem and H&F's alleged spoliation shows they "have been stubbornly litigious, and/or have caused Plaintiff unnecessary trouble and expense," ([227.8] ¶ 109), is unsubstantiated, and relies on the same allegations the Court rejected in its June 6th Order. Because Plaintiff's Motion to Amend is based on the same arguments and evidence it raised in support of its Renewed Spoliation Motion, which the Court denied, the Court finds Plaintiff's Motion to Amend is futile. Accordingly, Plaintiff's Motion to Amend is denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Gregory Wiedeman's Motion for Leave to File Second Amended Complaint [227] is **DENIED**.

**SO ORDERED** this 3rd day of July, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE