# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GREGORY WIEDEMAN,<br><br>    **Plaintiff,**<br><br>v.<br><br>CANAL INSURANCE COMPANY, H&F TRANSFER, INC., AUTO-OWNERS INSURANCE COMPANY, and WALTER PATRICK DORN, IV,<br><br>    **Defendants.** | 1:15-cv-4182-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Gregory Wiedeman's ("Plaintiff") "Motion to Exclude John Harrison Pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., [and] Plaintiff's Motion in Limine" [183] ("Motion").

On September 30, 2016, Plaintiff filed his Motion to exclude expert testimony by John Harrison. Mr. Harrison was retained by H&F Transfer, Inc. ("H&F"). Plaintiff specifically seeks to exclude (1) any testimony of Harrison that was not previously disclosed regarding the electronic control module ("ECM") download or the general recording capacity of the truck's ECM and (2) any new opinion regarding the ECM because there is no showing Harrison is qualified to

render such opinions and thus the testimony does not meet the requirements of Daubert.[1].

On August 26, 2014, John Bethea conducted his inspection of the truck's electronic control module ("ECM"). H&F later disclosed Bethea as its expert with respect to the ECM. On July 25, 2016, H&F disclosed John Harrison as a trucking practices expert, and Harrison's report contains several opinions regarding H&F's compliance with the Federal Motor Carrier Safety Regulations. (See [113]). Harrison's report did not contain any opinions regarding the ECM. H&F did not amend its disclosures to disclose any Harrison opinions regarding the ECM.

H&F argues that the question whether Harrison's opinions could be supplemented or amended cannot be made until the inspection and download of the ECM data. The inspection was, at the time of the Motion, scheduled for November 7, 2016, and "it ha[d] yet to be determined that the hard drive contains any ECM data upon which [Harrison could] render any expert opinion." ([191] at 6).

On September 2, 2016, the Court denied Plaintiff's Motion for Sanctions [142] regarding alleged spoliation of the ECM data. The Court required the parties

---

[1] Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993).

2

to locate the computer on which the ECM data was purportedly stored, and, if the ECM data was determined to be unavailable, Plaintiff could file a renewed motion for sanctions. On April 5, 2017, Plaintiff filed his Renewed Motion for Sanctions [221]. The docket does not show that Harrison revised his opinions to include an opinion on the ECM data.

In the absence of any evidence that Harrison offered any opinions regarding the ECM data, it appears Plaintiff's Motion is moot, and the Court denies Plaintiff's Motion to exclude Harrison's opinions, if any, regarding ECM data.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Gregory Wiedeman's "Motion to Exclude John Harrison Pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., [and] Plaintiff's Motion in Limine" [183] is **DENIED AS MOOT**.

**SO ORDERED** this 5th day of July, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE