# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GREGORY WIEDEMAN,<br><br>      **Plaintiff,**<br><br>v.<br><br>CANAL INSURANCE COMPANY, H&F TRANSFER, INC., AUTO-OWNERS INSURANCE COMPANY, and WALTER PATRICK DORN, IV,<br><br>      **Defendants.** | 1:15-cv-4182-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendants Canal Insurance Company, H&F Transfer, Inc., and Walter Patrick Dorn, IV's Motion in Limine [254], Defendant Auto-Owners Insurance Company's Motion in Limine [255], and Plaintiff Gregory Wiedeman's Motion in Limine [256].

## I.  BACKGROUND

### A.  Facts

This action arises from an August 8, 2014 collision (the "Collision") between Plaintiff Gregory Wiedeman ("Plaintiff") and Defendant Walter Patrick Dorn, IV ("Dorn"), an employee of Defendant H&F Transfer, Inc. ("H&F"). Defendant Auto-Owners Insurance Company ("Auto-Owners") and Defendant

Canal Insurance Company ("Canal") allegedly insured H&F at the time of the Collision. Former Defendant Salem Leasing Corporation ("SLC") owned and leased to H&F the truck that Dorn drove during the Collision. Former Defendant Wesco Insurance Company ("Wesco") insured SLC.

On February 26, 2016, Plaintiff filed his Amended Complaint [33] asserting the following: (1) Dorn acted recklessly and negligently in the operation of his vehicle; (2) H&F and SLC should be held liable, under the *respondeat superior* doctrine, for Dorn's alleged negligent actions; (3) H&F and SLC negligently hired, retained, entrusted, and supervised Dorn; and (4) H&F and SLC failed to comply with federal and state motor carrier safety regulations and trucking standards of care. Plaintiff also alleged direct actions against the three insurance companies. Plaintiff's Amended Complaint sought punitive damages.

The parties submitted a number of motions for summary judgment over the course of the litigation—some of which were successful. On June 16, 2017, the Court issued an order [235] granting SLC's Motion for Summary Judgment [169] and Wesco's Motion for Summary Judgment [177], and dismissed them as defendants. On June 21, 2017, the Court issued an order [236] granting H&F and Dorn's Motion for Partial Summary Judgment [180] on Plaintiff's claims for punitive damages against H&F and Dorn, and on Plaintiff's claims for negligent

hiring, retention, entrustment, and supervision against H&F.

Plaintiff's surviving claims include the following: (1) Dorn acted recklessly and negligently in the operation of his vehicle, (2) H&F, under the doctrine of *respondeat superior*, should be held liable for Dorn's alleged negligent actions; and (3) H&F failed to comply with federal and state motor carrier safety regulations and trucking standards of care. Plaintiff's direct actions against Auto-Owners and Canal also remain.

The parties, in anticipation of trial, scheduled to begin December 18, 2017, have filed a number of motions in limine seeking to exclude the introduction of certain evidence and testimony.

## II. DISCUSSION

### A. Defendant Canal Insurance Company, H&F Transfer, Inc., and Walter Patrick Dorn, IV's Motion in Limine

On October 30, 2017, Defendants Canal, H&F, and Dorn filed their Motion in Limine [254] moving the Court to "preclud[e] all witnesses, the Plaintiff, and his counsel from introducing evidence and/or testimony" regarding the following:

1. Any evidence regarding the direct negligence claims by Plaintiff against H&F for its alleged negligent entrustment of the vehicle to Defendant Dorn and its alleged hiring, retention, training, and/or supervision of Dorn;

2. Any evidence concerning the electronic control module ("ECM"); and

> 3. Any evidence or testimony by Whitney Morgan referencing the South Carolina Driver's Manual and/or testimony by Whitney Morgan relying on the South Carolina Driver's Manual to establish a standard of care or that Defendant Dorn breached any standard of care.

([254] at 1-2).

### 1. Request 1

As to Request 1, Defendants H&F, Dorn, and Canal contend that on June 21, 2017, the Court granted summary judgment to Dorn and H&F on Plaintiff's negligent hiring, retention, training, supervision, and entrustment claims, and thus any evidence on these topics is irrelevant. ([254.1] at 5; [236] at 15-16). Plaintiff argues that "H&F's negligence in providing adequate training for its drivers, including Dorn, may bear on the issue of Dorn's negligence and negligent handling of the vehicle he was driving for H&F." ([259] at 5).

"Generally, evidence concerning previously dismissed claims is not relevant and, consequently, is not admissible." Anderson v. Brown Industries, No. 4:11-cv-225-HLM, 2014 WL 12521732, at *4 (N.D. Ga. March 14, 2014) (granting motion in limine to exclude evidence of previously dismissed or abandoned claims because they lacked relevance). Here, it does not appear that evidence of Plaintiff's former claims is probative of the remaining issues in this case. See Fed. R. Evid. 401. Those former claims are no longer at issue, and despite Plaintiff's

claims that they may be relevant to show Defendant Dorn's "negligence and negligent handling of the vehicle he was driving for H&F," the Court finds that this evidence would waste the Court's time and likely confuse the jury, and otherwise are required to be excluded under Rule 403 of the Federal Rules of Evidence. See Fed. R. Evid. 403. The Court grants the Motion in Limine as to Request 1.

2. Request 2

Defendants' Request 2 seeks the exclusion of:

> [A]ny "evidence, testimony, or reference to any topic concerning the ECM . . . [including] . . . the operation of the ECM; how to download the ECM; what was allegedly done improper by any person who attempted to download the subject ECM; what the ECM data may have shown; what constitutes a "sudden deceleration" . . . and any other topic concerning the ECM of the truck that Dorn was driving at the time of the collision.

([254.1] at 6). Defendants argue that any topic concerning ECM is no longer relevant or material in this case. Defendants rely on this Court's order issued on June 9, 2017 (Opinion and Order Denying Plaintiff Gregory Wiedeman's Renewed Motion for Sanctions Against H&F Transfer, Inc. and Salem Leasing Corporation [229] ("June 9th Order")) denying Plaintiff's Renewed Motion for Sanctions against H&F. Plaintiff's Renewed Motion for Sanctions [221] sought relief for H&F's alleged failure to preserve accident data from the truck's ECM. The Court denied the Renewed Motion for Sanctions because it found that H&F was not in control of

5

the vehicle when the ECM data was reset. ([229] at 6). Defendants further contend that "any reference to the ECM data during trial will mislead or confuse the jury regarding the circumstances surrounding the maintenance of the ECM data and will suggest that H&F was responsible for preserving the data." ([254.1] at 7).

Plaintiff argues that "the Court ruled only that [] Defendants were not liable for sanctions; it did not rule that the evidence was not relevant or was not admissible."[1] ([259] at 6). Plaintiff further contends that "[e]ven if a plaintiff is not entitled to an adverse jury instruction or other spoliation sanctions, this does not mean that evidence related to the missing information is inadmissible at trial." (Id. at 6-7).

Courts, in denying motions for spoliation sanctions, have held that their rulings "do[] not necessarily foreclose the possibility that, in the event that [a] case goes to trial, [the plaintiff] may be able to introduce evidence and argue regarding [the defendant's] failure to retain certain documents." In re Delta/Air Tran Baggage Fee Antitrust Litigation, 770 F. Supp. 2d 1299, 1315 (N.D. Ga. 2011); Managed Care Solutions, Inc. v. Essent Healthcare, Inc., 736 F. Supp. 1317, 1334 (S.D. Fla. 2010) ("[A]lthough the plaintiff is not entitled to an adverse jury

---

[1] Plaintiff inconsistently and unfairly seeks in his Motion in Limine to prevent Defendants' expert John Harrison from opining on ECM data or issues while simultaneously arguing Plaintiff should be permitted to present such evidence.

instruction . . . the district court may determine that the circumstances surrounding the defendant's failure to retain relevant documents after February 2009 are admissible at trial.").

The Court finds that evidence or testimony regarding ECM issues, in this case, would only confuse or mislead the jury. The Court determined in its June 9th Order that H&F was not in possession of the leased truck at the time the ECM data was reset. The Court found that H&F had no role in the disappearance of the data. It is not apparent that H&F was even negligent in destroying the evidence. The only evidence that could be presented on this topic relates to the spoliation. No other evidence or testimony on the topic can be presented because there is no ECM data available. Permitting Plaintiff to present evidence on this topic would only mislead or confuse the jury—perhaps to the point of inferring spoliation, which this Court already held did not occur. Defendants' Motion in Limine as to Request 2 is granted. Fed. R. Evid. 401, 403.

   3. Request 3

Defendants' Request 3, which seeks to exclude certain opinions of Plaintiff's expert Whitney G. Morgan, is more properly characterized as a Daubert[2] motion. Defendants attempt in their request to challenge the factual basis, data, principles,

---

[2]  Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

and methods of Morgan by arguing that he improperly relies on the South Carolina Drivers' Manual, provides testimony that is unreliable, and provides testimony that lacks factual foundation. ([259] at 8). The Local Rules state that "[a]ny party objecting to an expert's testimony based upon <u>Daubert</u>[] shall file a motion no later than the date the proposed pretrial order is submitted." <u>See</u> LR 26.2, N.D.Ga. If a party fails to do so, "such objections will be waived, unless expressly authorized by court order based upon a showing that the failure to comply was justified." <u>Id.</u> Defendants' proposed pretrial order was submitted on September 5, 2017. Defendants waived objections under <u>Daubert</u>, and they may not now attempt to seek exclusion of Morgan's testimony based on its alleged flawed methodology or reliability.

Even if the Court considered Defendants' <u>Daubert</u> challenge, the Court would find that the South Carolina Driver's Manual is relevant. While it is true the accident in this case occurred in Georgia, Defendant Dorn's license was issued in South Carolina. The fact that Defendant was not driving in South Carolina at the time of the accident does not mean that the standards by which he generally was governed are not relevant. Defendants' *lex loci delicti* argument—that the substantive law of the place where the tort or wrong occurred—is similarly misplaced. The Court of course agrees that the substantive law, including Georgia

traffic laws, applies in this case. The standards that apply to maintenance of Defendant Dorn's license are relevant to the question of his negligence. A limiting instruction will be given stating how to apply South Carolina standards under which Defendant Dorn's license was issued.[3]

Finally, Defendants argue that Morgan should be prohibited from offering legal conclusions, including that Defendant Dorn engaged in driving behaviors that "fell below the standard of care." The Court agrees. "An expert may not . . . merely tell the jury what result to reach." Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990). That is, "[e]xpert testimony that consists of legal conclusions cannot properly assist the trier of fact . . . and is therefore inadmissible." Gaylor v. Georgia Dep't of Natural Resources, No. 2:11-cv-288-RWS, 2014 WL 454810, at *6 (N.D. Ga. Sept. 12, 2014) (internal quotations omitted).

---

[3] The Court will give the following limiting instruction: Plaintiff has introduced evidence of the standards that apply to South Carolina license holders, including Mr. Dorn. These standards, which do not apply in the State of Georgia, where the accident occurred, may be used by you for the limited purpose of evaluating if Mr. Dorn's conduct was negligent in the accident that is the issue in this case.

The Court denies Defendants' Motion in Limine as to Request 3, but clarifies that any legal conclusions offered by Defendants' expert Whitney Morgan is inadmissible.

B.    <u>Defendant Auto-Owners Insurance Company's Motion in Limine</u>

On October 30, 2017, Defendant Auto-Owners filed its Motion in Limine [255] requesting that the Court exclude from trial the introduction of "any evidence, references, or arguments" on the following topics:

1. Email communications between Plaintiff's counsel and Auto-Owners' counsel regarding whether the policy issued by Auto-Owners was cancelled;

2. ECM downloads and evidence of preservation notices;

3. Hiring and training procedures;

4. Punitive damages; and

5. South Carolina commercial driving standards.

([255] at 1-3).

1. <u>Request 1</u>[4]

Defendant Auto-Owners argues that emails between Plaintiff's counsel and Auto-Owners' counsel (*e.g.* Items Nos. 5-15 on Plaintiff's proposed Exhibit List ([249.7]) are inadmissible because (1) they constitute hearsay; (2) neither Plaintiff's counsel nor Auto-Owners counsel are parties or witnesses in this case and admission of the emails would necessarily result in disqualification of counsel;[5] and (3) the emails' probative value is outweighed by the prejudicial

---

[4] Defendant Auto-Owners moves this Court, in a footnote, to bifurcate the trial "as between liability issues and issues as to whether the policy issued by Auto-Owners was canceled before this accident" because "[i]nserting this issue into the liability case would cause undue confusion and would waste the time of this Court." ([255.1] at 3). Plaintiff does not respond to this request.

Rule 42(b) of the Federal Rules of Civil Procedure provides that "the court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim." See Fed. R. Civ. P. 42(b). The decision to bifurcate is committed to the sound discretion of the Court. See <u>Kimberly-Clark Corp. v. James River Corp.</u>, 131 F.R.D. 607, 608 (N.D. Ga. 1989); <u>Home Elevators, Inc. v. Millar Elevator Serv. Co.</u>, 933 F. Supp. 1090, 1091 (N.D. Ga. 1996).

Here, the Court's interest in judicial economy would not be served by bifurcating the trial into separate phases. Although the issues do not appear to be inseparable, the Court does not believe consideration of this issue would confuse or mislead the jury, or prejudice Defendant Auto-Owners in any way. The Court also believes separate phases of the trial would not efficiently use the jury's time. The Court therefore denies Defendant Auto-Owners request to bifurcate the trial.

[5] The Court does not believe, based on the facts presented here, that counsels' involvement in the emails will result in automatic disqualification. The Court notes, however, that it lacks a full understanding of the contents of the emails and Defendant Auto-Owners has not provided particularly helpful context or legal authority explaining why disqualification might result. The Court finds that a

11

effect that they will have. ([255.1] at 3).

Plaintiff argues that the statements in the documents do not constitute hearsay because Plaintiff does not intend to offer them to prove the truth of their contents. Plaintiff states he instead intends to offer them for other purposes, such as to show Auto-Owners' repeated refusals to acknowledge coverage despite being notified of the fatal flaws in its position. ([260] at 5). Plaintiff further argues the statements are not hearsay because they are admissions by a party opponent. (Id.). Without having challenged exhibits to review, or knowing exactly what purpose Plaintiff seeks to offer each of them for, the Court is unable to make a blanket determination regarding whether the emails constitute hearsay. The Court reserves for trial its ruling on whether the emails are admissible.

### 2. Request 2

The Court grants Defendant Auto-Owners Motion in Limine as to Request 2 for the same reasons stated above, see supra § II.A.2.

---

remote possibility that counsel may be disqualified does not merit the exclusion of the evidence now.

3. Request 3

The Court grants Defendant Auto-Owners Motion in Limine as to Request 3 for the same reasons stated above, see supra § II.A.1.

4. Request 4

The Court grants Defendant Auto-Owners Motion in Limine as to Request 4 for the same reasons stated above, see supra § II.A.1. The Court already granted summary judgment on Plaintiff's claim for punitive damages. ([236] at 7-10).

5. Request 5

The Court denies Defendant Auto-Owners Motion in Limine as to Request 5 for the reasons stated above, see supra § II.A.3.

C. Plaintiff Gregory Wiedeman's Motion in Limine

On October 30, 2017, Plaintiff Gregory Wiedeman ("Plaintiff") filed his scattershot[6] Motion in Limine [256] seeking the exclusion of evidence or argument on the following nineteen (19) matters:

1. Plaintiff's firing from his job at Gamestop;

2. Improper character evidence;

---

[6] The Court notes that Plaintiff's Motion in Limine unnecessarily raises arguments for exclusion of obviously inadmissible evidence (*e.g.* improper character evidence).

3. How a verdict may negatively impact Defendants H&F or Dorn;

4. Testimony by Defense expert John Harrison regarding ECM issues;

5. Financial status of any party;

6. Collateral source evidence;

7. Amount of insurance coverage ;

8. When Plaintiff contacted or retained counsel;

9. Suggestion or implication that Plaintiff is greedy;

10. Statements regarding the lottery or gambling;

11. Statements regarding the tax implications of any verdict;

12. Statements regarding the effects of any verdict on insurance rates, premiums, or charges;

13. Ad Hominem attacks on lawyers;

14. Comment on Plaintiff's use of an award;

15. Comments to the effect that money will not undo damage;

16. Comments that Dorn will have to personally pay the judgment;

17. Evidence of Plaintiff's employment of experts in unrelated cases;

18. Undisclosed documents, photographs, or video; and

19. Comments on availability of witnesses.

([256] at 1-17).

1. <u>Requests 5, 8-15, and 18-19</u>

On November 6, 2017, Defendants Canal, Dorn, and H&F filed their Response [257][7] to Plaintiff's Motion in Limine. In it, they concede that they do not contest Requests 5, 8-15, and 18-19. The Court thus denies as moot Plaintiff's Motion in Limine as to these requests.

2. <u>Requests 1-2, 6-7, and 16</u>

As to Requests 1-2, 6-7, and 16, Defendants "do not intend to present any such evidence unless the Plaintiff opens the door" by presenting (1) "character evidence of [Plaintiff's] honesty or good character" (Requests 1-2); (2) "collateral source evidence including, but not limited to, [Plaintiff's] lack [of] insurance to pay his medical bills" (Requests 6-7); and (3) "evidence that the verdict will be paid entirely by the insurance company defendants and not by Defendant H&F or Dorn" (Request 16). Defendants argue that should Plaintiff "open the door," this evidence should be admissible for impeachment and/or clarification purposes.

As to Requests 1-2 in Plaintiff's Motion in Limine regarding character evidence, the Federal Rules of Evidence provide: "Evidence of a person's

---

[7] On November 6, 2017, Defendant Auto-Owners joined in Defendants Canal, Dorn, and H&F's Response and "adopt[ed] the positions set forth therein for th[e] same reasons." ([258] at 1-2).

15

character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Federal Rule of Evidence 608 states:

> (a) **Reputation or Opinion Evidence.** A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.
>
> (b) **Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
>   (1) the witness; or
>
>   (2) another witness whose character the witness being cross-examined has testified about.
>
> By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness.

Fed. R. Evid. 608. Plaintiff cannot introduce evidence of his good character or truthfulness unless Defendants attack it. Defendants represent that they will not do so—in particular, they agree not to introduce evidence of Plaintiff's firing from his job at Gamestop or any other improper character evidence. ([257] at 1-2). Plaintiff's Motion in Limine as to Requests 1-2 is therefore denied as moot.

16

As to Plaintiff's Requests 6-7, Georgia's collateral source rule applies here. Gaddy v. Terex, No. 1:14-cv-1928, 2017 WL 3473872, at *1 (N.D. Ga. July 21, 2017) (applying Georgia's collateral source rule as substantive law applicable in a diversity action); see also Southern v. Plumb Tools, 696 F.2d 1321, 1323 (11th Cir. 1983) (per curiam) (holding that Alabama's common law collateral source rule was substantive law to be applied by federal courts in diversity cases). The Georgia collateral source rule "bars the defendant from presenting evidence of payments of medical, hospital, disability income, or other expenses of tortious injury paid for by a plaintiff, government entity, or third-party and taking credit towards the defendant's liability in damages for such payments." Hoeflick v. Bradley, 637 S.E.2d 832, 833 (Ga. Ct. App. 2006); see also Magbegor v. Triplette, No. 1:15-cv-1811-MHC, 2016 WL 6562920, at *1 (N.D. Ga. Mar. 16, 2016). "[I]mpeachment by evidence of collateral source is only allowed if [] false testimony is [presented and] related to a material issue in the case." Warren v. Ballard, 467 S.E.2d 891, 893 (1996); see also Magbegor, 2016 WL 6562920 at *2. Defendants represent, in conformity with Georgia's collateral source rule, that they will not present evidence of collateral source, including evidence regarding the amount of

insurance coverage. Plaintiff's Motion in Limine is denied as moot as to Requests 6-7.[8]

As to Request 16, Defendants represent that they will not present evidence regarding Defendant Dorn's personal liability so long as Plaintiff does not present evidence or testimony that the insurance companies would be required to pay the entirety of the verdict. Plaintiff's Motion in Limine is denied as moot as to Request 16.[9]

### 3. Requests 3 and 17

Defendants also concede in their Response that they will not offer evidence on the topics discussed in Requests 3 and 17 "if Plaintiff is also prevented from presenting evidence or testimony" on the topics. Because it is Plaintiff's request to exclude these topics, it is the Court's assumption that Plaintiff would not himself introduce this evidence. Plaintiff's Motion in Limine as to Requests 3 and 17 is denied as moot, and the Court clarifies that neither party is permitted to present evidence regarding these topics.

---

[8] Defendants may impeach with evidence of collateral source only if a witness testifies falsely to a material issue in the case to which collateral source evidence is relevant.

[9] Should Plaintiff present inaccurate or false testimony or evidence regarding the portion that the insurance companies may have to pay, Defendants may rebut this testimony, subject to the Rules of Evidence, with evidence that the insurance company defendants are only obligated to pay up to the policy limits.

18

4. Request 4

Finally, in its Request 4, Plaintiff seeks exclusion of any testimony by Defendants' expert John Harrison regarding ECM issues. ([256] at 5-6). Plaintiff argues that Defendants were required to disclose Harrison's opinions under Fed. R. Civ. P. 26(a)(2)(B), and "[b]ecause no supplementation has been made, [they] cannot use Harrison to provide expert testimony regarding the ECM because no such opinions have been disclosed." (Id.). Defendants agree that Harrison will not address ECM issues because "there is no ECM data to testify about" and "ANY evidence concerning ANY ECM issue is neither relevant nor material to any issue in the case." ([257] at 3). The Court denies as moot Plaintiff's Motion in Limine as to Request 4.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Canal Insurance Company, H&F Transfer, Inc., and Walter Patrick Dorn, IV's Motion in Limine [254] is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** as to Requests 1 and 2. It is **DENIED** as to Request 3, but the Court clarifies that any legal conclusions offered by Defendants' expert Whitney Morgan will be deemed inadmissible.

**IT IS FURTHER ORDERED** that Defendant Auto-Owners Motion in Limine [255] is **GRANTED IN PART** and **DENIED IN PART.** It is **GRANTED** as to Requests 2-4. It is **DENIED** as to Request 5 and Defendant Auto-Owners' request to bifurcate the trial. The Court **RESERVES** for trial whether the emails Defendant Auto-Owners believes Plaintiff will introduce are admissible.

**IT IS FURTHER ORDERED** that Plaintiff Gregory Wiedeman's Motion in Limine [256] is **DENIED AS MOOT**.

**SO ORDERED** this 20th day of November, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE