IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Gregory Wiedeman,

                Plaintiff,        Case No. 1:15-cv-04182

v.                                     Michael L. Brown
                                      United States District Judge
Canal Insurance Co., *et al.*,

                Defendant(s).

_____/

## ORDER ALLOWING DEFENDANTS TO TAKE EVIDENTIARY DEPOSITION

The Court has reviewed the parties' positions with respect to Defendants' request to take an evidentiary deposition of Defendant Dorn, and will permit Defendants to take the deposition.  First, the Court finds that Defendant Dorn is an unavailable witness under Fed. R. Civ. P. 32(a)(4) because he resides in Columbia, South Carolina, more than 100 miles from the place of trial—Atlanta, Georgia.  Thus, it appears as though a deposition of Defendant Dorn would be admissible in lieu of live testimony.

Second, the Court has "consider[ed] all the circumstances, including fairness to [Plaintiff] and the amount of time before the date set for trial," and believes that an evidentiary deposition of Defendant Dorn is appropriate. *Chrysler Int'l. Corp. v. Chemaly*, 280 F.3d 1358 (11th Cir. 2002). Defendants did not unduly delay in seeking an evidentiary deposition of Defendant Dorn, this trial was initially set for a period in which Defendant Dorn did not have academic obligations. And Plaintiff requested that the Court reschedule the trial. (Dkt. 272). Moreover, defense counsel raised this issue with Plaintiff in November when Plaintiff requested to move the trial, and Defendant requested a new trial date during Defendant Dorn's spring break. (Dkt. 272-1). A deposition at this point is not too close to trial, Plaintiff has not shown that an evidentiary deposition would be unfair to him, and Defendants have shown that he has proceeded in good faith with respect to this issue.

Finally, the Court recognizes the fairness considerations here with respect to Defendants' right to put on their evidence; an evidentiary deposition allows parties to present their evidence to the jury in a manner better suited for juror comprehension. *See SCQuARE Int'l,*

*Ltd. v. BBDO Atlanta, Inc.*, Case No. 1:04-cv-0641, 2008 WL 228032 (N.D. Ga. Jan. 25, 2008) (pointing out that "discovery depositions contain extraneous information that may be confusing to a jury").

Accordingly, the parties shall arrange for an evidentiary deposition of Defendant Dorn as soon as is practicable.

**IT IS SO ORDERED.**

Dated: March 12, 2018
Atlanta, Georgia

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE