IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Gregory Wiedeman,

                Plaintiff,        Case No. 1:15-cv-04182

v.                                 Michael L. Brown
                                          United States District Judge
Canal Insurance Co., *et al.*,

                Defendants.

_____/

## ORDER BIFURCATING TRIAL

The Court has reviewed the parties' positions with respect to Defendants' request to bifurcate the trial. For the reasons set forth below, the Court finds bifurcation appropriate here. The first phase of the trial shall be dedicated to liability and damages, the second phase – if necessary – will address the insurance-coverage issues with respect to Defendant Auto Owners.

Under Fed. R. Civ. P. 42(b), a court may order a separate trial of "one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for "convenience, to avoid prejudice, or to expedite and economize." And, Rule 42(b) "confers broad discretion on the

district court." *Harrington v. Cleburne Cty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001). In deciding whether to bifurcate a trial, "the Court must consider several factors, including: whether separate trials will be conducive to expedition of the litigation and to efficient judicial administration, whether separate trials will avoid prejudice, and whether the issues sought to be tried separately are significantly different." *Walker v. City of Hapeville*, Case No. 1:08-cv-1036, 2010 WL 11506427, at *2 (N.D. Ga. Nov. 22, 2010).

Consideration of these factors in the light of this case demonstrates that bifurcation is appropriate. Taking the final factor first – it is clear that the issues sought to be tried in each phase are significantly different. This issues of liability as to the cause of the accident and the damages that may have arisen from the accident (which will be tried in the first phase) are relatively straightforward. This evidence will include several witnesses and documents to aid the jury in determining whether Plaintiff or Defendant Dorn caused the accident on October 8, 2014. The evidence will also include testimony and documents regarding the extent of Plaintiff's injuries, expenses, pain, and suffering.

The issue of whether the insurance policy provided by Defendant Auto Owners was terminated before the accident is completely distinct from liability and damages and is far more complex. It requires the jury to determine whether Defendant H&F or Defendant Auto Owners filed Form K with the South Carolina Office of Regulatory Staff as required by that state's Motor Carrier Regulations. Given the fact that neither party can prove conclusively whether or not this occurred, the trial of this matter will include significant circumstantial evidence, including (i) letters sent to Defendants H&F and Dorn at the time of the accident by an attorney claiming he had been retained by Defendant Auto Owners to represent them with respect to any claims arising from the accident (which Plaintiff claims confirmed coverage); (ii) evidence that the same lawyer sent a letter to a consultant stating that he had been retained by Defendant Auto Owners to represent Defendants H&F and Dorn in regards to the accident (which plaintiff claims also confirmed coverage); (iii) evidence that the lawyer later claimed his letters contained a scrivener's error and that he had been retained – not by Defendant Auto Owners – but by another insurance company (which Defendant Auto Owners claims negates any suggestion raised by the

previous letters); (iv) an email from Defendant H&F's president to the company's insurance agent stating that Defendant Auto Owners had been compiling information about the accident in case there was a lawsuit (which again Plaintiff claims confirms coverage); and (v) an allegation that this email arose from the same scrivener's error (which Defendant Auto Owners claims negates any suggestion raised by the email). *See* Dkt. 249-3 at 5-6.

On the coverage issue, the parties may also seek to introduce conflicting evidence as to whether Defendant H&F intended to cancel the Auto Owners policy. *Compare* Dkt. 249-3 (asserting that Defendant H&F's President did not recall requesting that Auto Owners cancel the policy) *with* Dkt. 61-3 (declaration of Auto Owners Branch Claims Representative Wesley Adams that Defendant H&F submitted a cancellation request to Defendant Auto Owners). Tied up in this insurance-coverage issue is Plaintiff's claim for attorney's fees and expenses of litigation against Defendant Auto Owners pursuant to O.C.G.A. § 9-11-68 on the grounds that Defendant Auto Owners denied coverage without a factual basis for doing so. As part of this claim, Plaintiff will seek to introduce emails between his counsel and counsel

4

for Defendant Auto Owners (who will also be an attorney at trial) regarding the coverage dispute. Plaintiff hopes to show that Defendant Auto Owners (through counsel) falsely stated that Defendant H&F sought to cancel the policy before the accident. *See* Dkt. 249-3 at 5-6.

The evidence set forth in the preceding two paragraphs about the coverage issue – and any inferences that can be gleaned from it – is completely separate from the issue of liability for the accident and any damages that may have followed. There is no overlap between the evidence and the issues sought to be tried separately.

Bifurcating liability and damages from the coverage issue is also in the interest of efficient judicial administration. As explained above, the issues to be presented in the first phase of the trial are compact and straightforward while the issues to be presented in the second phase are far more complex. Resolution of the first phase may obviate the need for the second phase. This would occur if the jury decides liability against Plaintiff and in favor of Defendants Dorn and H&F. In that case, whether Auto Owners cancelled its insurance policy or falsely denied coverage would be irrelevant. In addition, Defendant Canal Insurance does not dispute liability for primary insurance coverage and,

5

according to the parties, that coverage is not insignificant.  So, even if the jury determines Defendants are liable, the jury could still award damages within the limits of that policy – also rendering the issue of coverage by Defendant Auto Owners irrelevant.  The second (and more complex) phase of the litigation will only be necessary if the jury determines that Defendants are liable for Plaintiff's injuries and damages and then sets those damages in excess of the Canal Insurance policy.  Bifurcation, therefore, promotes judicial economy.

Finally, the Court is concerned that Defendants Dorn, H&F and (particularly) Canal Insurance could be prejudiced by evidence that Defendant Auto Owners sought (either correctly or incorrectly) to deny coverage.  Plaintiff's allegations of bad faith by Defendant Auto Owners could prejudice the jury against Defendant Canal.  The Court is particularly concerned about Plaintiff's allegation that counsel for Defendant Auto Owners made false statements in emails in order to dissuade Plaintiff from including Auto Owners in the litigation.  Plaintiff intends to introduce those emails at trial.  The lawyer who is the target of Plaintiff's accusations will be present at trial representing Defendant Auto Owners.  The Court believes that these allegations and

6

the resulting situation could prejudice the jury against the other defendants who are not involved in that dispute. While the Court believes jurors can distinguish between defendants, the volatile nature of these allegations between and against counsel in court raises a real threat of unfair prejudice against the other defendants. Moreover, as explained above, evidence regarding the dispute about coverage by Defendant Auto Owners (and the related allegation against defense counsel) is not in any way probative of the issues to be tried in the first phase of the trial. Plaintiff, therefore, faces no prejudice from the bifurcation of this trial as set forth herein.

Accordingly, the Court finds that bifurcation of the trial is appropriate in this case. The first phase of the trial shall address liability and damages; the second phase – if necessary – shall address the insurance coverage issues as to Defendant Auto Owners.

**IT IS SO ORDERED.**

Dated: March 15, 2018
Atlanta, Georgia

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE